UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

BARBARA JEAN STOCKMAN,
  Debtor.
_____/

KEVIN REID DEVELOPMENT, LLC,
  Plaintiff,

v.

BARBARA JEAN STOCKMAN,
  Defendant.
_____/

Case No. 17-22420-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

Adversary Proceeding
Case No. 18-2045-dob

## OPINION DENYING DISCHARGE TO BARBARA STOCKMAN

  Debtors file for Chapter 7 relief to get a discharge. The honest but unfortunate debtor is entitled to a discharge, but in this case, the Plaintiff, Kevin Reid Development, LLC, claims the Debtor, Barbara Stockman, is not entitled to a discharge because she has not kept, maintained or preserved documents, books and records from which her financial condition or business transactions might be ascertained and has not explained satisfactorily any loss of assets or deficiency of assets to meet her liabilities. After a trial in this matter, the Court finds that the Plaintiff has met its burden of proof and that the Defendant has not justified her acts under all of the circumstances of the case, so the Court denies the Defendant a discharge.

### Jurisdiction

  This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1) and E. D. Mich. LR 83.50(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) (objections to discharge). All matters before the Court emanate from Title 11 of the United States Code and accordingly this Court has jurisdiction over this case.

1

The Court makes the following findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

Findings of Fact

The following findings of fact are made from testimony of Ms. Stockman at the June 28, 2019 trial in this matter, as well as the admitted Exhibits 2, 3, 4, 7 and 9 and certain stipulations of facts and law stated in the Stipulation for Entry of Amended Joint Final Pretrial Order ("Stipulation").

The Defendant, Barbara Stockman, formed M&B Restaurant and Bar, LLC ("M&B") and it later purchased a liquor license utilized to conduct business at 113 South Main Street, Lake City, Michigan.[1] The building at this location was owned by the Plaintiff, and M&B leased this building from the Plaintiff starting August 2015. The Defendant's plan was to have her son, Michael Stockman, operate this bar and restaurant, but since Michael had been convicted of operating a vehicle while under the influence of alcohol, he could not own or control an entity that had a liquor license. To accommodate her son, the Defendant agreed to have M&B acquire the necessary license but allow Michael to run the bar and restaurant. The Defendant continued to be the sole member of M&B.

This plan did not work well. M&B lost money, did not pay its creditors, and ultimately the Plaintiff received a default judgment in its favor in the amount of $63,463.09 against the Defendant and M&B on September 5, 2017.

The following facts are stipulated by the parties:

> Defendant admits having never filed state or federal income tax returns from 2010 through the present date.

---

[1] M&B appears to have been formed years before to operate a restaurant in Houghton Lake, Michigan. The relevant events for this case involve the Lake City location. Since M&B operated this location using the name of "Grillers", the Court refers to this combined enterprise as "M&B".

. . .

  Defendant admits that she formerly conducted business as M&B Restaurant and Bar, LLC in Lake City, Michigan.

. . .

  Defendant has no method of confirming her income from January 2010 to the present date.

. . .

  Defendant has no method of confirming her income from January 2010 through the date of filing the instant bankruptcy petition.

After entry of the September 5, 2017 judgment, the Defendant had no method to repay the Plaintiff and she filed a Chapter 7 petition with this Court on November 30, 2017. In her Statement of Financial Affairs, the Defendant responded to question 27 as follows:

Part 11: Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

  ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
  ☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
  ☐ A partner in a partnership
  ☐ An officer, director, or managing executive of a corporation
  ☐ an owner of at least 5% of the voting or equity securities of a corporation
☐ No. None of the above applies. Go to Part 12.
☒ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address | Describe the nature<br>of the business<br>Name of accountant<br>or bookkeeper | Employer Identification Number<br>Do not include Social Security<br>Number or ITIN<br>Date business existed |
|---|---|---|
| M&B Restaurant & Bar, LLC<br>7467 East Houghton Lake Road<br>Merritt, MI 49667 | Restaurant & Bar<br>Self | EIN:<br>From-To: 2011 to October 2015 |

| | | |
|---|---|---|
| Grillers<br>113 South Main Street<br>Lake City, MI 49651 | Restaurant<br>Self | EIN:<br>From-To: October 2015 to<br>August 2016 |
| Bobbers<br>8111 West Houghton Lake Drive<br>Houghton Lake, MI 48629 | Restaurant<br>Self | EIN:<br>From-To: 2011-2012 |

The Plaintiff filed its Complaint seeking denial of a discharge and a determination of dischargeability of debt and the Defendant answered. Afterward, the Plaintiff withdrew its determination of dischargeability counts.

At trial, the Defendant testified that the use of M&B to purchase the liquor license was an accommodation to her son who could not do so on his own. Subsequently, the Defendant allowed the liquor license to revert to the State of Michigan. She also testified that she worked occasionally at the restaurant, earning $50-$100 per week and that she wrote some checks for M&B. She did not maintain any separate records for M&B other than to retain some bank account statements. She also reaffirmed that she has not filed a tax return since 2010 and could only supply miscellaneous records of transactions of M&B, which were admitted as Exhibit 9. She also admitted that she did not have any accounting or bookkeeping training. Finally, she confirmed that the restaurant refused credit cards and only accepted cash payments the last few months it was open.

On cross-examination, the Defendant explained that she is a cancer survivor since 2011 and that her chemotherapy and other treatment causes memory loss and trouble remembering names and faces. Her medical condition has left her financially destitute. She collects $945.00 from Social Security and $254.00 for food stamps, her car has been repossessed, and her trailer home is not livable as it lacks running water services. All of this has forced her to move into an apartment with her grandson, which costs her $550.00 per month.

Applicable Law

11 U.S.C. § 727(a)(3) and (5) state:

>   (a) the court shall grant the debtor a discharge, unless –
>   . . .
>
>   (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;
>
>   . . .
>
>   (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss or assets or deficiency of assets to meet the debtor's liabilities;

11 U.S.C. § 727(a)(3): Concealing or Destroying Financial Information

Section 727(a) of the Bankruptcy Code provides that a debtor is entitled to a discharge unless an exception applies. "A discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Wazeter v. Michigan National Bank (In re Wazeter)*, 209 B.R. 222, 226 (W.D. Mich. 1997). Pursuant to Federal Rule of Bankruptcy Procedure 4005, the burden of proof in objecting to a discharge under Section 727 is on the plaintiff and must be established by a preponderance of the evidence. *Barclays/American Bus. Credit, Inc., v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir. 1994).

Section 727(a)(3) creates a condition precedent to discharge that the debtor must provide to his creditors enough information to ascertain the debtor's financial condition and to track his finances with substantial accuracy for a reasonable period in the past to the present. *Wazeter*, 209 B.R. at 227 (citing *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996)). Creditors and courts are not required to speculate regarding the financial condition and history of the debtor or to reconstruct

the debtor's financial affairs. *Wazeter,* 209 B.R. at 227. Intent is not an element of a Section 727(a)(3) exception to discharge. *Id.*

> A debtor is not required to keep books or records in any particular form, nor do the creditors have to establish an intent to conceal the financial condition, as long as complete disclosure is made so that the creditors are not required to guess at what actually occurred.

*United States Fid. & Guar. v. Delancey (In re Delancey)*, 58 B.R. 762, 768 (Bankr. S.D.N.Y. 1986).

The party seeking the denial of a discharge has the burden of proving the inadequacy of the debtor's records. To determine whether the debtor's records are adequate, courts examine whether the records are the type kept by a reasonably prudent debtor with the same occupation, financial structure, education, and experience. *Wazeter*, 209 B.R. at 227. "Where debtors are sophisticated in business, and carry on a business involving significant assets, creditors have an expectation of greater and better record keeping." *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 900 (7th Cir. 2002) (citation omitted).

Once the moving party shows that there is not sufficient written evidence to ascertain the debtor's financial condition and history, then the burden shifts to the debtor to show that his failure to keep adequate records was justified in the circumstances. *Wazeter*, 209 B.R. at 227. To determine whether the inadequacy of the debtor's records was justifiable, courts look at a variety of factors, including the debtor's education, sophistication, business experience, size, and complexity of the debtor's business, debtor's personal financial structure, and any special circumstances. *Wazeter*, 209 B.R. at 230. *See also Dolin v. Northern Petrochemical Co. (In re Dolin)*, 799 F.2d 251 (6th Cir. 1986) (debtor's drug and gambling addictions did not justify his difficulty in recording his business transactions).

<u>11 U.S.C. § 727(a)(5): Loss of Assets</u>

The purpose of Section 727(a)(5) was explained by the court in *Kovacs v. McVay (In re McVay)*, 363 B.R. 824 (Bankr. N.D. Ohio 2006):

> This section is derived from competing concerns: (1) the trustee and creditors' right to question the debtor about their financial affairs; and (2) the knowledge that debtors will not always be completely forthcoming with information about their financial activities. Section 727(a)(5) seeks to address these competing concerns by conditioning discharge on a debtor satisfactorily explaining any prepetition diminution or loss of asset. In order to achieve this, paragraph (a)(5) requires debtors to disclose all vital information; there is no requirement of mal-intent or scienter. In addition, it does not matter under § 727(a)(5) how the loss or deficiency occurred. For example, money spent on illegal activities does not run afoul of § 727(a)(5). Section 727(a)(5) is simply concerned with the adequacy of the debtor's explanation.

*Id.* at 830-831 (citations omitted).

To satisfy its initial burden of proof, the plaintiff must show two things: first, that the debtor had a cognizable ownership interest in a specific asset, and second, that the debtor's interest existed at a time not too far removed from when the petition was filed. *Id.* at 831. Once the plaintiff has met its burden, the debtor must satisfactorily explain the loss. The standard for a satisfactory explanation under Section 727(a)(5) "is one that is reasonable under the circumstances." *Id.* (quoting *Lacy Wholesale & Main Factors v. Bell (In re Bell)*, 156 B.R. 604, 605 (Bankr. E.D. Ark. 1993)). A reasonable explanation involves capacity for verification. The explanation should enable the plaintiff to investigate the circumstances of the loss. *Id*.

Analysis

The Defendant has admitted that she did not keep or preserve books, documents, records and papers of M&B, a limited liability company owned by her. No day-to-day records or ledgers of M&B were kept and the cash-only nature of M&B over its last few months was not recorded at all. At best, the Defendant has produced copies of bills of M&B, as well as the renewal of the liquor licenses in 2017 and other miscellaneous State of Michigan documents (Exhibit 9). None

of these documents, including sporadic bank statements, allow anyone to ascertain the Defendant's financial condition or the business transactions of the Defendant or her company, M&B. In short, the documents and testimony fall short and the Plaintiff has met its burden of proof.

Section 727(a)(3) does allow the Defendant to show the act or failure to act was justified under the circumstances. In this regard, the Defendant presents a sympathetic case. Since 2011, she has battled cancer successfully, but at great financial and physical cost. Two factors are troubling, however. First, the use of M&B, which the Defendant controlled, to acquire the liquor license, was a subterfuge to skirt the laws of the State of Michigan that prohibited the Defendant's son from having control of a liquor license. With this knowledge, the Defendant should have been more, not less, involved in M&B. Second, the Defendant has battled cancer since 2011, some four years before M&B agreed to lease the Lake City property from the Plaintiff. If the Defendant was as incapacitated as argued, she should have either not have been involved in this enterprise or hired a competent bookkeeper or accountant to look over the financial records. This did not happen. The Defendant's responses in her Statement of Financial Affairs are not helpful to her cause. The Defendant again affirms that she was the accountant or bookkeeper for M&B from 2011-2016 when she was not in a physical condition to properly attend to financial reporting and lacked the necessary training or experience to do so.

With this record, the Court finds the Plaintiff has met its burden of proof as to Section 727(a)(3) and the Defendant has not justified her acts or failure to act under all of the circumstances of this case. The Plaintiff is entitled to a judgment denying the Defendant's discharge under 11 U.S.C. § 727(a)(3).

Turning to the Section 727(a)(5) count, the Defendant has not explained any loss of assets or deficiency of assets to meet her obligations because the financial records produced by the Defendant detail expenses, but there is no corresponding report of the income earned by M&B.

8

18-02045-dob    Doc 49    Filed 09/04/19    Entered 09/04/19 12:48:00    Page 8 of 9

Also, the use of cash only during the last few months that M&B was operating creates a complete void of financial reporting. Moreover, the Defendant has not explained why a potential valuable asset, namely the liquor license, was allowed to be surrendered to the State of Michigan without some effort to glean some money for M&B.

The Court notes that all of these losses or deficiencies regard M&B, and not the Debtor. While true on a direct basis, the Defendant's liability has increased because her solely owned and controlled company, M&B, lacks the funds to pay the Plaintiff, which enjoys a judgment against M&B and the Defendant. Therefore the Court finds that the Plaintiff has met its burden of proof as to its Section 727(a)(5) count.

## Conclusion

The Plaintiff has met its burden of proof for its Section 727(a)(3) and (5) counts and the Defendant has not met her burden of proof as to the defense of either count. The Plaintiff is entitled to a judgment denying the Defendant a discharge under 11 U.S.C. § 727(a)(3) and (5). Counsel for the Plaintiff is directed to prepare and file an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on September 04, 2019**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge